Solomon v. Friend.

## GEORGE M. SOLOMON
### v.
## JOHN M. FRIEND.

*Replevin—Horse—Chattel Mortgage—Conditions—Diminution in Value —Evidence—Instructions.*

1. A substantial, not merely a nominal diminution is intended, by a clause in a chattel mortgage authorizing the taking by the mortgagee of property mortgaged, upon the ground of diminution in value.

2. A party can not insist that there is error in the instructions given in behalf of the opposite party, when those given in his behalf are similarly worded, and in substance the same.

[Opinion filed December 3, 1891.]

APPEAL from the Circuit Court of Macoupin County; the Hon. J. FOUKE, Judge, presiding.

Messrs. R. B. SHIRLEY and J. B. SEARCY, for appellant.

Messrs. ANDERSON & BELL, for appellee.

WALL, P. J. This was replevin for a horse. Trial by jury, verdict and judgment for plaintiff. The defendant assumed the right to take the horse under a certain provision in a chattel mortgage, asserting that the value of the horse had been diminished since the mortgage was executed.

The evidence on the point was quite closely balanced, there being no little proof on behalf of the defendant that by reason of hard work and light feed the horse had so run down in value that the security was seriously impaired, while on behalf of plaintiff there was quite as much that though there had been some loss of flesh there was really no loss in value. The jury were warranted in finding that the plaintiff's allegation in this regard was true, and perhaps, as the proof appears, they might have found the other way.

It is insisted, however, that the instructions given at the instance of the plaintiff, placed a too strict construction upon the clause in the mortgage under which the defendant sought to justify the taking, in that the test of the right to so take was a diminution to the extent of rendering the security doubtful, whereas the provision gave the right in the event of diminution merely, regardless of the extent. The object of the mortgage was to furnish security, and the clause relied on was designated to protect the mortgagee against loss in this respect.

Manifestly a substantial, not merely a nominal, diminution was intended. But admitting for the sake of argument that

the plaintiff's instruction stated the rule a little too strongly, yet we find in the instructions given at the instance of the defendant the rule is laid down the same in substance and almost identically so in terms. Regarding the two sets of instructions together, we have no doubt the jury would get the same view from either set as to the amount of diminution required.

It is apparent from the testimony adduced by the defendant as well as the instructions he obtained, that his theory was, like that of the plaintiff, that the reduction in value must be such as to impair the security to the extent of rendering it doubtful. Therefore, according to well settled practice, he can not now insist there was error in the plaintiff's instruction, there being like error in his. The judgment will be affirmed.

*Judgment affirmed.*